UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 7:18CR00027 |
| v. ) | |
| ) | |
| EAST MENTAL HEALTH, LLC, ) | |
| CHRISTOPHER DEAN EAST, ) | |
| JOANN KATHLEEN PATTERSON, ) | |
| ALFRED LLOYD ROBRECHT, ) | |
| WILLIAM BARCLAY ALLISON, and ) | |
| RYAN THOMAS GREENE, ) | |
| ) | |
| **Defendants** ) | |

### UNITED STATES' MOTION TO DESIGNATE CASE AS A COMPLEX CASE, FOR EXCLUDABLE DELAY, AND TO CONTINUE THE JURY TRIAL

The United States, by and through its attorneys, Jennie L. M. Waering, Assistant United States Attorney, Nicole S. Terry, Special Assistant United States Attorney, and David Tooker, Special Assistant United States Attorney, respectfully requests that the Court designate the above-captioned case as a complex case under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(ii). In support of its motion, the Government states the following:

A Federal Grand Jury returned an Indictment on June 26, 2018, charging six (6) defendants with one count of conspiracy to commit health care fraud and charging five of these defendants with seventy-two (72) counts of health care fraud. Count One of the

Indictment alleges that the six defendants were involved in a ten year conspiracy to violate federal health care laws. Counts Two through Seventy-Three of the Indictment allege specific instances of the commission of a scheme to commit health care fraud.

The Government's evidence in this case includes in excess of 550 boxes of materials seized during a search of two business premises of East Mental Health and Will and Robin Allison's residence. These boxes of materials have been scanned and loaded into an e-discovery platform. The evidence also includes voluminous emails obtained from various sources during the course of the investigation. In addition, there are 117 seized individual computer forensic images.

The Government's evidence also includes Grand Jury testimony and records, records obtained through the issuance of more than 75 health care fraud subpoenas, and more than 149 witness interview reports. The number of discovery *documents* in this case is approximately 1,285,683. That number does not include approximately 10,277 documents that have been deemed privileged by a privilege review team, and approximately 41,562 documents containing a privilege review screening term but not specifically reviewed for privilege. In total, these *documents* result in approximately 3,524,343 *pages* of discovery.

The United States is using the Virginia Attorney General's Medicaid Fraud Control Unit's (MFCU) Relativity database to prepare the documents for discovery. Each defendant will receive an e-discovery hard drive provided by MFCU with the 1,285,683 documents in a format that can be searchable using the software program of the defendant's choice. Only defendant East Mental Health will receive the privileged and potentially

privileged materials at this time, as it is deemed the owner of the privilege. The Government's evidence in this case also includes each defendant's individual access to the online client records software used by East Mental Health.

The United States has provided all of the Grand Jury transcripts and 149 memorandums of interviews to the defendants. The hard drives with the 1,285,683 discovery documents will be available to the defense approximately September 7, 2018.

The Government estimates that during a trial in this matter, it will call more than 40 trial witnesses and introduce more than 300 evidentiary exhibits given the numerous counts in the Indictment.

After a June 26, 2018, sealed Indictment, all of the individual defendants appeared before the court for initial appearance hearings on June 28, 2018. The corporate defendant, East Mental Health, appeared later. Under the Speedy Trial Act, 18 U.S.C. § 3161, trial must commence within 70 days of the date on which the defendants make their initial appearance. The Court has scheduled the trial to begin September 4, 2018.

The Speedy Trial Act permits the Court to continue the trial date if the Court finds that the ends of justice served by a continuance outweigh the best interests of the public and the defendants in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). Pursuant to Section 3161(h)(7)(B)(ii), a continuance is warranted if the Court finds that "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(7)(B)(ii).

For the reasons set forth in this motion, the Government submits that this case is a complex case within the meaning of Section 3161(h)(7)(B)(ii), due to the number of defendants, the number of counts in the Indictment, and the quantity of evidence. Therefore, it is unreasonable to expect adequate preparation for pretrial proceedings and trial within the time limits of the Speedy Trial Act.

In addition, Section 3161(h)(7)(B)(iv) provides in part that if the case, "taken as a whole, is not so unusual or so complex" to fall within Section 3161(h)(7)(B)(ii), then the Court may allow a continuance if the failure to grant a continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Here, the Government submits that the ends of justice favor a continuance because the parties would otherwise be denied the reasonable time necessary for effective preparation, and such preparation will substantially shorten the time necessary for trial. The ends of justice resulting from a continuance will outweigh the interests of the public and the defendants in a speedy trial.

Five of the six defendants have advised the Government that they do not object to a continuance of the trial in this case. Only defendant Lloyd Robrecht has advised that he objects to a continuance. A new trial date has not been scheduled with the clerk because several defense counsel have trial scheduling conflicts.

Accordingly, the Government respectfully requests that the Court designate this matter a complex case under 18 U.S.C. § 3161(h)(7)(B)(ii), find that a failure to grant a continuance would deny the parties reasonable time necessary for effective pretrial

preparation, and grant a continuance of the trial date under Section 3161(h)(7)(B)(ii).  In the alternative, the Government respectfully requests that the Court grant a continuance to allow attorneys for the Government and for the respective defendants "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

    Respectfully submitted,

    DANIEL P. BUBAR
    Attorney for the United States,
    Acting Under Authority
    Conferred by 28 U.S.C. §515

Date:   August 21, 2018    s/Jennie L. M. Waering
    Jennie L. M. Waering
    Assistant United States Attorney
    Virginia Bar No. 20570

    s/Nicole S. Terry
    Nicole S. Terry
    Special Assistant United States Attorney

    s/David Tooker
    David Tooker
    Special Assistant United States Attorney

# **CERTIFICATE OF SERVICE**

I hereby certify that I have this 21st day of August, 2018, caused to be filed electronically the government's **MOTION TO DESIGNATE CASE AS A COMPLEX CASE, FOR EXCLUDABLE DELAY, AND TO CONTINUE THE JURY TRIAL**, with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to all counsel of record.

s/Jennie L. M. Waering_____
Assistant United States Attorney
